# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

ROBERT ARMSTRONG                                              PLAINTIFF

VERSUS                                        CIVIL ACTION NO. 4:09cv25-HTW-LRA

LAUDERDALE COUNTY JAIL, et al.                               DEFENDANTS

## MEMORANDUM OPINION

On February 24, 2009, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. An order [7] was entered on March 10, 2009, directing the plaintiff to file a written response providing additional information on or before March 25, 2009. The plaintiff was warned that his failure to comply with an order of this court or failure to advise of a change of address could result in the dismissal of the instant civil action. However, the plaintiff failed to comply.

An order to show cause [9] was then entered on April 7, 2009, directing the plaintiff to show cause in writing on or before April 22, 2009, why this case should not be dismissed for his failure to comply with the court's order [7] of March 10, 2009. Once again, the plaintiff was warned that if he did not comply with the court's order [7] his case could be dismissed. The plaintiff failed to comply with the order [9] entered on April 7, 2009. In fact, the docket reflects that the envelope [10] containing the order to show cause [9] was returned by the postal service with a notation "RTS NOT HERE - Return to Sender - Not deliverable as addressed - Unable to forward."

Out of an abundance of caution, a second order to show cause [11] was entered on May 8, 2009. This second order to show cause [11] directed the plaintiff to respond on or before May

25, 2009. The envelope [12] containing the second order to show cause [11] was returned by the postal service with a notation "Return to Sender - Not Deliverable as Addressed - Unable to Forward."

The plaintiff was warned in a notice of assignment from the Clerk and in all of the above mentioned orders that his failure to keep this Court advised of his current address could result in the dismissal of this action. The orders were mailed to the plaintiff's last known address.

The plaintiff has failed to communicate with the court, either to inquire as to the status of his case or to provide the court with a current address since he filed his responses [5 &6] on March 2, 2009, to the orders entered on February 25, 2009. It is apparent from the plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will be without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 18th day of June, 2009.

                        s/ HENRY T. WINGATE
                          CHIEF UNITED STATES DISTRICT JUDGE